```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

BRYAN SMITH,                    :    CIVIL NO. **4:04-CV-1746**
                                :
         Plaintiff              :    (Judge McClure)
                                :
    v.                          :    (Magistrate Judge Smyser)
                                :
JO ANNE B. BARNHART,            :
Commissioner of                 :
Social Security,                :
                                :
         Defendant              :

## REPORT AND RECOMMENDATION

The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security disability insurance benefits.

On March 28, 2002, the plaintiff, Bryan D. Smith, applied for disability insurance benefits. He claimed that he became disabled on May 24, 2002, as the result of degenerative disc disease of the lumbar spine. The claim was denied

initially and on reconsideration.  The plaintiff filed a request for a hearing, and a hearing was held before an administrative law judge (ALJ) on June 18, 2003.   Tr. 228-252.

At this hearing the plaintiff and a vocational expert testified.  The plaintiff stated that he was born on February 9, 1961.  He was injured while working.  He was working for an employer who was not complying with the law as to employee benefits and tax withholdings.  He had back surgery.  He wears a brace and uses a cane.  He now continues to have back pain after his surgery.  He also has leg pain.  His most comfortable stated position is in a recliner tilted backwards, and he needs to alternate sitting and standing frequently.  He takes Oxycontin, which causes stomach cramps, fatigue and a poor feeling.  He feels that he can not handle working.  His surgeon tells him that he can do light work; his family doctor tells him not to do anything.  He does not feel that he has improved since his surgery.

A vocational expert testified that a person after recovery from low back surgery who needs to change positions

from sitting to standing frequently, who must walk occasionally and who could lift up to ten pounds occasionally and five pounds frequently could perform jobs as a video monitor, as a ticket taker or as an assembler of small parts.  If the plaintiff's testimony is accepted, the vocational expert stated, the plaintiff can not perform substantial gainful activity.

On July 21, 2003, the ALJ issued her decision denying the application of the plaintiff for benefits.  Tr. 18-25.  The Appeals Council denied the plaintiff's request for review (Tr. 5), making the ALJ's decision the final decision of the Commissioner.

The plaintiff filed his complaint with this court on August 9, 2004.  The defendant filed an answer to the complaint and a copy of the administrative record on November 1, 2004. Pursuant to Local Rules 83.40.4 and 83.40.5, the plaintiff filed his brief on February 14, 2004 and the defendant filed her brief on March 21, 2004.   No reply brief has been filed.

3

If the Commissioner's decision is supported by substantial evidence it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id*. at 706-707. In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled. The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and, (5) whether the claimant's

impairment prevents the claimant from doing any other work. *See* 20 C.F.R. §404.1520 and 20 C.F.R. §416.920.

The disability determination involves shifting burdens of proof.  The initial burden rests with the claimant to demonstrate that he is unable to engage in his past relevant work.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform.  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case the ALJ determined that the plaintiff has not engaged in substantial gainful activity since the alleged onset date, that he has an impairment that is severe, that his impairments do not meet or equal any listed impairments, and that he is not able to perform his past relevant work.   The ALJ further determined that the plaintiff has the residual

functional capacity[1] to perform sedentary jobs such as those identified by the vocational expert.

On the basis of these findings, the ALJ found the plaintiff not to be disabled.

The plaintiff argues that the ALJ may not make a step three listings decision without a medical advisor at the hearing, at least where the medical evidence already in the record does not provide a basis for making this decision. The plaintiff cites *Ferguson v. Schweiker*, 765 F.2d 31 (3d Cir. 1985).

The ALJ's step three listings decision is:

> The medical evidence indicates that the claimant has degenerative disc disease of the lumbosacral spine, an impairment that is severe within the meaning of the Regulations, but this impairment is not documented by objective findings of a severity to meet or medically equal one of the impairments listed in Appendix

---

1.
"Residual Functional Capacity" is "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Commissioner of Social Security Adm.,* 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)).

> I, Subpart P, Regulations No. 4.  Particular
> attention was given to Section 1.04 A of the
> impairments set forth in the Listing of
> Impairments but a finding of disability cannot
> be made at step three of the sequential
> evaluation as the claimant does not have the
> requisite neurological, laboratory, or
> diagnostic requirements for listing level
> severity.

Tr. 20.

Although it might appear to us that the ALJ has made a correct factual determination by application of Section 1.04 A to the plaintiff's spinal disorder impairment, we do not know from the ALJ decision which factor or factors under Section 1.04 is the basis for the decision.  We do not know what evidence has been relied upon in making the decision.  The Listings step is obviously a critical step in the disability analysis, and a merely conclusory statement that a cited listing is not met does not explain the decision.  *Burnett v. Schweiker*, 220 F.3d 112 (3d Cir. 2000).  The ALJ must state critical findings and reasons.  The ALJ must consider whether there is a disorder of the spine.  If so, it must be determined whether there is evidence of nerve root compression characterized by the kinds of symptoms described in that

8

Listing.  This is the Commissioner's own description of an impairment and its symptoms that, if present, are disabling without consideration of residual functional capacity.  20 CFR § 1520(d).  Dr. Anton, the neurosurgeon, does not frame a description in terms of nerve root compression specifically; however, his description of the plaintiff's impairment and his performance of an L5-S1 discectomy (Tr. 188, 192) suggests that nerve root compression was present before surgery.  He states that there is "no major compression on the thecal sac anymore."  Tr. 192.  Dr. Anton also reports the persistence of symptoms after surgery.  A remand for a Listings 1.04 A analysis is necessary.  More specific and focused input from a treating physician or other medical expert may be necessary.

 The plaintiff argues that the ALJ erroneously rejected the opinion of his regular treating physician that he is totally disabled.  The ALJ described a doctor's evaluation of a patient's physical condition as it relates to the ability to work as "an accommodation to his patient for the purpose of public assistance."  Tr. 20.  The ALJ provides no explanation

for the factual basis for this finding as to the doctor's state of mind in completing a form concerning his patient.

The ALJ found the plaintiff not to have been credible, without referring to the testimony considered by the ALJ not to be credible.  The rejection of testimony of a witness without specifying the testimony rejected does not permit a review of the decision that has resulted from the rejection of that testimony.  The decision must be explained.  *Cotter v. Harris*, *supra*.  The ALJ stated as reasons for rejecting the plaintiff's credibility that a pain clinic appointment had not been made, that there is evidence of improvement in the plaintiff's condition, and that "his daily activities are not indicative of someone who is totally disabled."  Tr. 21.  The ALJ should note and explain the testimony that was rejected on this basis.

The plaintiff argues that the ALJ in finding that the plaintiff can perform a range of sedentary work has not considered and made findings reconciling the plaintiff's need to change positions from seated to standing and vice-versa on a frequent basis.  Tr. 245.  The vocational expert's assumption

10

was that the worker needs to frequently change positions. Tr. 249-250.  Even though no express finding was made as to the need to change positions, the record supports the ALJ finding of a residual functional capacity for the jobs the vocational expert had identified if the evidence supports the other components of the question to the vocational expert.  There is not error in the findings in this aspect of the decision.

     The case should be remanded for further consideration of the plaintiff under Listing 1.04 A, consideration of Dr. Cartaginise's opinion without assuming a motivation on the Doctor's part that lacks evidentiary support, and consideration of the plaintiff's credibility that is framed in terms of the truthfulness of things that he has said.

                                                              **/s/ J. Andrew Smyser**
                                                                   J. Andrew Smyser
                                                                   Magistrate Judge

DATED:  April 21, 2005.